## DUFAU vs. MASSICOT'S HEIRS.

APPEAL from the court of probates of the parish of St. Marys.

An insolvent debtor does not acquire a discharge of his debt when the creditors fail to appear or having made a change of parish, withdraw it.

In a suit to ascertain the share of one partner, all must be made parties.

PORTER, J. delivered the opinion of the court. The petitioner claims from the defendants the sum of five thousand dollars balance due on an account settled and signed by the ancestor of the defendants, and the plaintiff on the 20th of September, 1809; seventeen hundred and ninety-four dollars, seventy cents, for the third of the losses sustained in a partnership of which they were members in conjunction with one Laurent Wiltz; two thousand eight hundred and forty-four dollars, forty four cents, the one half of the petitioner's losses in the partnership, the ancestor of defendants having purchased the one half of plaintiff's interest in the concern, previous to its dissolution; and interest on a part of these claims according to an account annexed to the petition. Judgment is asked for thirteen thousand, five hundred and forty-five dollars with interest from judicial demand.

The defendants plead that their ancestor on
the 24th of August, 1813, made a cession, under the act for the relief of insolvent debtors in actual custody, of all his property; and was discharged from all debts contracted prior to that day.

That he had no other accounts with the plaintiff excepting those in relation to the plantation of which they were partners, and that their accounts were settled and liquidated by a judgment of the district court of the state of Louisiana for the first district, on the 29th of June 1819, in which, I. P. Wiltz, was plaintiff, and the petitioner, one P. F. Dubourg, and C. Massicot, were defendants.

And lastly, that the plaintiff was indebted to their ancestor at his decease in the sum of three thousand dollars.

The cause was submitted to referees, who reported that the sum of $9655 64 cents, was due by the defendants, with interest on $5000 of this sum at the rate of ten per cent. from different periods at which the several instalments composing this sum fell due. The defendants appealed.

The first question for our decision is, the effect of the discharge under the insolvent laws.

Western Dist.
*Sept. 18 7:*

DUFAU
*vs.*
MASSICOT'S
HEIRS.

It appears from the record of the proceedings in the suit of *Massicot* vs. *His creditors*, that some of them alleged fraud against him; that on his filing an answer to the charge, the allegation was withdrawn, and that the court therefore ordered, he should be discharged out of custody. These proceedings bear date the 4th of December, 1813.

On the 21st. of January, 1814, a syndic was appointed, and on the 15th of March of the same year, the insolvent took the oath prescribed by the statute, and executed an assignment of all his property to his creditors.

The plaintiff contends, these proceedings have not the effect which the defendants in their answer allege. That no judgment of the court being rendered discharging the defendant from the debts contracted by him, they yet remain in force and can be collected from him or his representatives.

The fourth section of the act under which the insolvent claimed relief, declares that in case the creditors when notified do not attend on the day appointed for them to appear and answer the claimant's demand for a discharge from the custody of the sheriff, the court shall in its discretion either release the debtor or re-

mand him until another day: and should the creditors not attend on that day and shew cause as aforesaid, the debtor *shall be discharged,* on executing an assignment in trust for his creditors; and on taking the oath herein prescribed. 2 *Martin's Digest*, 444.

This section would perhaps sustain the plea of the defendants, but it must be taken and construed with another, that precedes it, and which is as follows: " the creditors being thus duly notified shall have the right to interrogate the debtor, &c. and should the court be satisfied with the fairness and regularity of his books and accounts (if a merchant or a trader) and the documents which accompany them, and *that two thirds of his creditors in number* and value, will consent to his discharge, he shall on executing an assignment of his estate and effects, to trustees named by his creditors under the direction of the court, and on taking the oath herein prescribed, *be forever discharged from all suits and actions then pending against him, and from all manner of debts which he may before that time have contracted.*"

A clause of the 6th section of the act also requires to be set out, in order to enable us to

WesternDist. present clearly the true construction which
Sept., 1827
that relied on by the defendants should receive.
DUFAU
*vs.* After directing the proceedings which should
MASSICOT'S be had in case the creditors make an allega-
HEIRS. tion of fraud, it proceeds to declare, that if the
jury find the debtor not guilty of fraud, he shall
forthwith *be discharged* from the custody of
the sheriff, and *from all manner of debts
which he may before that time have contrac-
ted. 2 Martin's Digest,* 446.

The two cases then, in which the legislature
have declared that the debtor shall be dischar-
ged from previous debts are: 1st. where the
two thirds of the creditors consent: and, 2d
where they make an allegation of fraud, and
that allegation is found untrue. But no such
consequence is *declared* to follow the non-at-
tendance of the creditors and their failure to
consent, or object; and it cannot be *implied.*
On the contrary, the presumption is, that no
such consequence was contemplated by the
law maker. The section relied on merely
states, that if the creditors do not attend the
debtor shall be discharged, (*elargi*) that is,
discharged from imprisonment. If the word
*discharged* conveyed the idea that the debtor
was released from his debts, there was no oc-

easion for the legislature to add after it, in the
preceding, and succeeding sections, *and from*
*all manner of debts* their using these addi-
tional terms shews that they did not consider
the word, *discharged*, would have that effect·
The change of phraseology, indicates a change
of intention, and neither in the reason of the
thing, nor in the language used, are we au-
thorised to say that the mere non-attendance
of the creditors operated a release of their
debts. This view of the subject becomes con-
clusive when we turn our attention to the
French text which at the time this statute was
passed, was of equal authority with the Eng-
lish. The corresponding term used in it, to
*discharge* is *elargi*, which means set at liber-
ty, and does not at all convey the idea, of a re-
lease from debts.

It was urged the defendant might come un-
der the protection of the 6th section because
the charge of fraud had been made against him
by his creditors. But that charge appears to
have been made in error, and to have been
withdrawn when that error was discovered·
It is only trial, and verdict of acquittal, that
produces the consequence contended for.

In regard to that portion of the plaintiff's

WesternDis't claim which is founded on a balance due for
*Sept, 1827,* the partnership affairs, we think the objection
Dufau that the representatives of With should be
*vs.*
Massicot's parties, must prevail. By the decree of the
HEIRS. district court where these matters were once li-
quidated, and which settled as far as was then
possible the accounts of the partners, it was
declared, that after debts of the firm should be
paid, if any surplus remained it will go to the
discharge of the common debts which the se-
veral partners may have against the joint con-
cern. By this action it is attempted to estab-
lish what is the share of the debts due by one
of the members of that firm to it, without all
the partners being before the court. This can-
not be done, nor is the case of the plaintiff
made stronger by shewing, that since that time
the other partner has been paid all claims he
may have had against the firm. For it ap-
pears by the terms of the satisfaction entered
on record that this amount was settled between
the plaintiff and the other partner without the
intervention of the ancestor of the defendants,
consequently as to the person they represent
these matters are still open, and all must be
before the court to enable a final settlement to
be made.

One of the most important questions in this
case is, in relation to the interest due on the private account. By the contract of sale which
forms the principal item of this account, the plaintiff sold to Massicot the one half the vendor's interest in the plantation on the same terms, clauses, and conditions, that he had acquired it. And the vendee stipulated that he would stand in his place. One of the clauses of the contract by which the vendor acquired the property was that if the payments were not regularly made, the sums due should bear interest at ten per cent. An objection has been taken that by the contract, the purchaser was to pay other persons than the seller, and that on his failure to comply with his agreement, and payment by the vendor, that he then owed to the latter, and that the interests ceased to run from that moment. But we are of opinion that though he might have discharged his engagement by paying the price to the person indicated in the act, his failure to do so cannot place him in any better situation than if by the terms of the agreement the payment was to have been made to the seller. The money was still due, and the interest was to run until perfect payment.

DUFAU
*vs.*
MASSICOT'S
HEIRS.

It is therefore ordered, adjudged and decreed, that the judgment of the probate court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the plaintiff do recover from the defendants the sum of five thousand dollars with interest at ten per cent. on the four several instalments of $1250 each, from the time they became due; viz: from the 15th of March, 1811, the 15th of March, 1812, the 15th of March, 1813, and the 15th of March, 1814, with costs in the court below, those of appeal to be paid by the plaintiff: reserving to him the right to assert his claim in relation to the partnership concerns in a suit where the partners or their representatives are parties to the suit.

*Brownson* for the plaintiff, *Simon* for the defendants.